UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>   Plaintiff,<br><br>   v.<br><br>SHUBHANGINI DEVINE, et.al.,<br><br>   Defendants. | Case No.: 1:22-cv-00061-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR EMERGENCY INJUCTIVE RELIEF BE DENIED<br><br>[ECF No. 17]<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Raghvendra Singh is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request to transfer to Sacramento, filed as an "emergency request." (ECF No. 17.) The Court construes the filing as a motion for emergency injunctive relief.

**I.**

**LEGAL STANDARDS**

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a

1

1  party officially, and is required to take action in that capacity, only upon service of summons or other
2  authority-asserting measure stating the time within which the party serve must appear to defend.).
3  Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in
4  general.  Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599
5  F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the
6  viable legal claims upon which this action is proceeding.  Summers, 555 U.S. at 491−93; Mayfield,
7  599 F.3d at 969.

8        A temporary restraining order is an extraordinary measure of relief that a federal court may
9  impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party
10 "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant
11 before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The standard for
12 issuing a temporary restraining order is essentially the same as that for issuing a preliminary
13 injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)
14 (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

15       "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v.
16 Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a
17 preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to
18 suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
19 favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).  An injunction may
20 only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).
21 "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to
22 obtain a preliminary injunction."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th
23 Cir. 2011).

24       Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison
25 Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,
26 extends no further than necessary to correct the violation of the Federal right, and is the least intrusive
27 means necessary to correct the violation of the Federal right."  Section 3626(a)(2) also places
28 significant limits upon a court's power to grant preliminary injunctive relief to inmates.  "Section

3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

## II.

## DISCUSSION

Plaintiff filed this action on January 13, 2022. (ECF No. 1.) The court screened Plaintiff's complaint on February 18, 2022, and granted Plaintiff leave to amend. (ECF No. 8.) Plaintiff filed a first amended complaint on April 21, 2022, and the Court screened the complaint on April 29, 2022, and granted leave to amend. (ECF Nos. 10, 13.) Plaintiff filed a second amended complaint on June 22, 2022, the same date as the emergency motion to transfer to Sacramento. (ECF Nos. 16, 17.)

In the emergency motion, Plaintiff states that:

> We have effectively no service, no law library, no legal paper, etc., so, I can not do anything. I still submit amended complaint prepared by others. I will be released this year. After release, I will be able to do something including amendment. Delano has bad air quality, pollens, valley fever, polluted water, poison arsenic in water, and no hot water. Gangs and staff extort, rob, misuse and beat non-gang inmates like me. Accordingly, non-gang inmates like me have breathing problem should not be in Delano.
>
> If this court is able to transfer me to Sacramento, please do so. This is an emergency request. My counselor M. Banales agrees with me and applied for my transfer to Sacramento. But, C5U Unit at CDCR headquarter denied my transfer due to COVID-19. That restriction is no longer in effect. A counselor can try only once in a year, so, please help me.

(ECF No. 17.)

The Court has not screened Plaintiff's second amended complaint. At this juncture of the case, the Court cannot determine that Plaintiff is likely to succeed on the merits of the Case. Second, the United States Marshal has yet to effect service on any Defendant, and Defendants have no actual notice. Therefore, the Court has no personal jurisdiction over any Defendant at this time. Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727-28 (9th Cir. 1983). Third, even if the Court had personal jurisdiction over the individuals named in the complaint, Plaintiff has failed to demonstrate imminent irreparable

3

harm necessary to support a preliminary injunction. See Winter, 555 U.S. at 20; Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "The fact that plaintiff has met the pleading requirements allowing him to proceed with the complaint does not, ipso facto, entitle him to a preliminary injunction." Claiborne v. Blauser, No. CIV S-10-2427 LKK, 2011 WL 3875892, at *8 (E.D. Cal. Aug. 31, 2011), report and recommended adopted, No. CIV S-10-2427 LKK, 2011 WL 4765000 (E.D. Cal. Sept. 29, 2011). Instead, to meet the "irreparable harm" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Id. at 674-75.

Plaintiff does not have a constitutional right to be housed or transferred to the institution of his choosing. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983). The Court finds Plaintiff's generalized statements concerning a lack of access to the law library, polluted air and water, and that non-gang members like him are mistreated throughout the prison, do not demonstrate, or even allege, imminent irreparable harm. While Plaintiff avers to these general conditions, Plaintiff does not clearly allege that he will be subject to specific future harm, and even if construed as alleging these conditions will cause him harm, such allegations would be speculative as presented. See Caribbean Marine, 844 F.2d at 674-75. Plaintiff fails to *establish* that he currently faces the type of immediate and credible threat of irreparable harm necessary to justify extraordinary injunctive relief at this stage of the case. City of Los Angeles v. Lyons, 461 U.S. 95, 102(1983); Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."); Rigsby v. State, No. CV 11-1696-PHX-DGC, 2013 WL 1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying prisoner's TRO based on fear of potential future injury based on past assaults); Chappell v. Stankorb, No. 1:11-CV-01425-LJO, 2012 WL 1413889, at *2 (E.D. Cal. Apr. 23, 2012) (denying injunctive relief where prisoner's claims of injury based on current or future housing decisions were nothing "more than speculative."), report and recommendation adopted, No. 1:11-CV-01425-LJO, 2012 WL 2839816 (E.D. Cal. July 9, 2012). A presently existing actual threat must be shown, even though injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research,

4

Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine, 844 F.2d at 674.

Plaintiff's vague and generalized allegations about the conditions at his prison do not support a finding of irreparable future harm.  Accordingly, the Court recommends that Plaintiff's motion for emergency injunctive relief order should be denied.

## III.

## ORDER AND RECOMMENDATION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for emergency injunctive relief (ECF No. 17), be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 23, 2022**

UNITED STATES MAGISTRATE JUDGE

5