# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>Plaintiff,<br><br>v.<br><br>SHUBHANGINI DEVINE,<br><br>Defendant. | Case No. 1:22-cv-00061-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 24) |

Plaintiff Raghvendra Singh is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed August 15, 2022. Plaintiff seeks appointment of counsel because his "case is unique and complex for many reasons . . ." (ECF No. 24.)

There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1   Without a reasonable method of securing and compensating counsel, the Court will seek
2 volunteer counsel only in the most serious and exceptional cases.  In determining whether
3 "exceptional circumstances exist, the district court must evaluate both the likelihood of success
4 on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
5 complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).
6   In the present case, the Court does not find the required exceptional circumstances.  Even
7 if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations
8 which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with
9 similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to
10 his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the
11 appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most
12 actions require development of further facts during litigation and a pro se litigant will seldom be
13 in a position to investigate easily the facts necessary to support the case.")  The test is whether
14 exception circumstances exist and here, they do not.  At this early stage of the litigation, the
15 Court cannot find Plaintiff is likely to succeed on the merits, as it has yet to screen Plaintiff's
16 third amended complaint.  In addition, circumstances common to most prisoners, such as lack of
17 legal education and limited law library access, do not establish exceptional circumstances that
18 would warrant a request for voluntary assistance of counsel.  Finally, while the Court has yet to
19 screen Plaintiff's complaint, the Court has conducted a cursory review of the third amended
20 complaint and finds that the legal issues present in this action are not complex.  Accordingly,
21 Plaintiff's motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:  **August 17, 2022**                                   _____
                                                                           UNITED STATES MAGISTRATE JUDGE