# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>Plaintiff,<br><br>v.<br><br>SHUBHANGINI DEVINE,<br><br>Defendant. | Case No. 1:22-cv-00061-JLT-SAB (PC)<br><br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 23) |

Plaintiff Raghvendra Singh is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third amended complaint, filed August 15, 2022.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

1    A complaint must contain "a short and plain statement of the claim showing that the

2  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

3  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

5  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

6  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

7  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

8    Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings

9  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

10  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

11  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

12  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

13  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

14  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

15  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

16  F.3d at 969.

17                                              **II.**

18                             **COMPLAINT ALLEGATIONS**

19    The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of

20  the *sua sponte* screening requirement under 28 U.S.C. § 1915.

21    Plaintiff contracted COVID-19 several times, and Doctor Devine refused to transfer

22  Plaintiff to Sacramento for treatment which caused painful health problems.  Doctor Devine

23  discontinued "some" medication and refused to provide any medicine for Plaintiff's health

24  problems.

25    In July 2021, Plaintiff informed Doctor Devine verbally and in writing about his health

26  problems. Plaintiff is 60 years old and disabled.  Plaintiff has breathing problems, cancer, nerve

27  instability, blood in spits and stools, painful body, and other health problems.  Doctor Devine

28  refused to provide a breathing machine, extra clothing for medical reasons, special diet for

2

1   medical reasons, specialists, emergency services, braces, wheelchair, crutches, and other

2   necessary items.  Due to his breathing problem, Plaintiff struggles for survival every day.  Due to

3   nerve instability problems, Plaintiff fell down and injured himself.  Although Plaintiff takes pain

4   killers every day, small movement causes him a lot of pain.

5        Plaintiff is not provided adequate and proper food as he gets mostly beans.  The food at

6   Kern Valley State Prison has maggots and stones and the water is polluted.  The dorms have flies

7   and insects and leaks water.  There was no hot water for months and there is not adequate access

8   to the law library and supplies.  Doctor Devine took Plaintiff's crutches and wheelchair resulting

9   in injuries to Plaintiff.

10        Plaintiff was "beaten, extorted and misused [including sexually misused] many times.

11  Anyone who complains was sent [sic] to isolation."  (Third Am. Compl. at 5.)  In 2022, Plaintiff

12  suffered a heart attack and contracted COVID-19.

13        Warden Pfeiffer knew of Doctor Devine's action but refused to help Plaintiff.

**III.**

**DISCUSSION**

16  **A.        Deliberate Indifference to Serious Medical Need**

17        While the Eighth Amendment of the United States Constitution entitles Plaintiff to

18  medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

19  indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th

20  Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th

21  Cir. 2014); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  The two-part test for deliberate

22  indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure

23  to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

24  wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

25  indifferent."  Jett, 439 F.3d at 1096 (citation omitted).

26        "A medical need is serious if failure to treat it will result in significant injury or the

27  unnecessary and wanton infliction of pain."  Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir.

28  2014) (citation and internal quotation marks omitted).  "Indications that a plaintiff has a serious

1  medical need include '[t]he existence of an injury that a reasonable doctor or patient would find

2  important and worthy of comment or treatment; the presence of a medical condition that

3  significantly affects an individual's daily activities; or the existence of chronic and substantial

4  pain.'"  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

5       In applying this standard, the Ninth Circuit has held that before it can be said that a

6  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

7  substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

8  cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v.

9  Gamble, 429 U.S. 97, 105–06 (1976)). "[A] complaint that a physician has been negligent in

10  diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

11  under the Eighth Amendment. Medical malpractice does not become a constitutional violation

12  merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of

13  Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish

14  deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334

15  (9th Cir. 1990).

16       Further, a "difference of opinion between a physician and the prisoner—or between

17  medical professionals—concerning what medical care is appropriate does not amount to

18  deliberate indifference." Snow v. McDaniel, 681 F.3d at (citing Sanchez v. Vild, 891 F.2d 240,

19  242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d at; Wilhelm

20  v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330,

21  332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose

22  was medically unacceptable under the circumstances and that the defendants chose this course in

23  conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson,

24  90 F.3d at 332) (internal quotation marks omitted).

25       Even assuming Plaintiff can establish that he suffered from a serious medical condition,

26  Plaintiff's allegations in the third amended complaint (as with the original, first amended, and

27  second amended complaints) are too vague and conclusory to state a claim upon which relief

28  may be granted.  Although Plaintiff contends that Doctor Devine took his personal crutches and

1  wheelchair, failed to provide him medication, refused a transfer, and did not refer him to a

2  specialist, such conclusory allegations fail to demonstrate that Doctor Devine acted with

3  deliberate indifference. Indeed, Plaintiff acknowledges that he takes "pain killers" every day.

4  Plaintiff does not explain the specific actions Doctor Devine which allegedly caused him harm or

5  how Doctor Devine was deliberately indifferent to his health and safety.  At most, Plaintiff's

6  allegations against Doctor Devine amounts either to a difference of opinion as to his particular

7  medical need—which he does not specifically describe—or to a failure to respond reasonably

8  under the circumstances.  But neither rise to the level of cruel and unusual punishment. See

9  Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or

10  treating a medical condition does not state a valid claim of medical mistreatment under the

11  Eighth Amendment. Medical malpractice does not become a constitutional violation merely

12  because the victim is a prisoner."); Edmo v. Corizon, Inc., 935 F.3d at 757, 786 (9th Cir. 2019)

13  ("A difference of opinion between a physician and the prisoner—or between medical

14  professionals—concerning what medical care is appropriate does not amount to deliberate

15  indifference.") (citations omitted).  Accordingly, Plaintiff fails to state a cognizable claim for

16  deliberate indifference to a serious medical need.

17       **B.       Conditions of Confinement**

18       It is undisputed that the treatment a prisoner receives in prison and the conditions under

19  which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v.

20  McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994).

21  Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See

22  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th

23  Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d

24  1521, 1531 (9th Cir. 1993). Prison officials must, however, provide prisoners with "food,

25  clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d

26  1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S.

27  472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682

28  F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference." Id. (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).  Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Conditions of an unsanitary cell are not unconstitutional where there is no showing of a risk of physical harm caused by the unsanitary conditions, and where the alleged unsanitary conditions were not severe and prolonged. Anderson, 45 F.3d at 1314 ("lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.") Generally, the short-term failure to provide hot water does not violate the Eighth Amendment.  Cf. Lopez v. Robinson, 914 F.2d 486, 492 (4th Cir. 1990) (finding no clearly established, sufficiently contoured, right to hot showers in prison).  Only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. Hudson, 503 U.S. at 8-9 ("extreme deprivations are required to make out a conditions-of-confinement claim").  The state is obligated to provide " 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it,' " and "the state health code, while not establishing 'constitutional minima,' is relevant in making a finding regarding the constitutionality of existing conditions." Jackson v. Walker, No. CIV S-06-2023 WBS GGH P , 2009 WL 1743639, at *8 (E.D. Cal. June 17, 2009) (citing Somers v. Thurman, 109 F.3d 614, 623 (9th Cir. 1997)); see also Foster v. Runnels, 554

F.3d 807, 812-813 (9th Cir. 2009); Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir.

1986) (prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical

care, and personal safety").  However, the Eighth Amendment does not require that

the food provided to Plaintiff be tasty and the Court does not read Ninth Circuit precedent to

require jail officials to provide food that is optimally nutritious. See LeMaire v. Maass, 12 F.3d

1444, 1456 (9th Cir. 1993) ("The Eighth Amendment requires only

that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically

pleasing.").

Plaintiff makes reference to vague assertions that the water at Kern Valley State Prison is

polluted, the food quality is inadequate, the ceilings leak, and there was no hot water for months.

However, Plaintiff's allegations are devoid of factual support and the Court therefore cannot

determine whether such claim is plausible.  Although excessively or prolonged unsanitary

conditions in a prison have been found to be unconstitutional, Plaintiff's allegations do not so

demonstrate.  Plaintiff's allegations fail to meet either the objective or substantive component of

a deliberate indifference claim.

## C. Supervisory Liability

To the extent Plaintiff seeks to hold Defendant Warden Pfeiffer liable based solely on his

supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for

the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556

U.S. at 676-77; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing

v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934

(9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or

knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045

(9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v.

Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any

personal participation if the official implemented "a policy so deficient that the policy itself is a

7

1 repudiation of constitutional rights and is the moving force of the constitutional violation."

2 Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

3 marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

4 Plaintiff has failed to demonstrate any basis for liability against Warden Pfeiffer.

5         **D.**        **Americans with Disabilities Act**

6         Plaintiff makes reference to the failure to comply with the ADA.

7         Title II of the ADA bars a public entity from excluding an eligible disabled individual

8 from "participation in a public entity's services, programs, or activities." Sheehan v. City & Cty.

9 of San Francisco, 743 F.3d 1211, 1232 (9th Cir. 2014), rev'd in part on other grounds, City &

10 Cty. of San Francisco, Calif. v. Sheehan, 575 U.S. 600 (2015). To state a claim under Title II of

11 the ADA, Plaintiff must allege: (1) he is an individual with a disability, (2) he is otherwise

12 qualified to participate in or receive the benefit of a public entity's services, programs, or

13 activities, (3) he was either excluded from participation in or denied the benefits of the public

14 entity's services, programs, or activities, or was otherwise discriminated against by the public

15 entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of

16 his disability. Vos v. City of Newport Beach, 892 F.3d 1024, 1036 (9th Cir. 2018) (quoting

17 Sheehan, 743 F.3d at 1232).

18         "A plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his

19 or] her individual capacity to vindicate rights created by Title II of the ADA...." Vinson v.

20 Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). Instead, the proper defendant in an ADA action is

21 the public entity responsible for the alleged discrimination. United States v. Georgia, 546 U.S.

22 151, 153 (2006). The term "public entity" includes state prisons. See Pennsylvania Dept. of

23 Corrs. v. Yeskey, 524 U.S. at 210 (holding state prisons are public entities under Title II). Thus,

24 to the extent Plaintiff seeks to sue Defendants in their individual capacities under the ADA, but

25 does not name any public entity as a party, he fails to state a claim upon which relief can be

26 granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); Watison, 668 F.3d at 1112; Wilhelm,

27 680 F.3d at 1121.

28

1

2      While state prison officials alleged to have acted in their official capacity on behalf of the

3  public entity may be named as parties in an ADA Title II claim seeking injunctive relief, see

4  Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003); Perry v. Brevick, No. 2:21-

5  CV-0065 KJN P, 2021 WL 352374, at *3 (E.D. Cal. Feb. 2, 2021), in order to seek monetary

6  damages, Plaintiff must allege intentional discrimination by the entity under the "deliberate

7  indifference" standard. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

8  "Deliberate indifference requires both knowledge that a harm to a federally protected right is

9  substantially likely, and a failure to act upon ... the likelihood." Id. at 1139. This standard is not

10  met "where a duty to act may simply have been overlooked," but rather "a failure to act must be

11  a result of conduct that is more than negligent." Id.; see also Germaine-McIver v. Cty. of Orange,

   No. SACV 16-01201-CJC (GJSx), 2018 WL 6258896, at *13 (C.D. Cal. Oct. 31, 2018).

12      As alleged, Plaintiff's complaint plainly fails to state a plausible claim for relief under

13  the ADA.  Although Plaintiff contends he suffers from several medical conditions, he fails to

14  include factual allegations plausibly show he suffers from medical impairment sufficient

15  to qualify as a disability under the ADA. See 42 U.S.C. § 12102; Iqbal, 556 U.S. at 678.

16      The ADA defines "disability" as (1) a physical or mental impairment that substantially

17  limits one or more major life activities of such individual; (2) a record of such an impairment; or

18  (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1). Major life events

19  include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing,

20  eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading,

21  concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A); 29 C.F.R. §

22  1630.2(j)(1)(ii) ("An impairment is a disability if it substantially limits the ability of an

23  individual to perform a major life activity as compared to most people in the general

24  population."); see also Coons v. Sec'y of U.S. Dep't. of Treasury, 383 F.3d 879, 885 (9th Cir.

25  2004); Wilkey v. Cty. of Orange, 295 F. Supp. 3d 1086, 1091 (C.D. Cal. 2017).

26      Courts consider three factors to determine whether a disability is substantially limiting:

27  (1) the nature and severity of the physical impairment; (2) the duration or expected duration of

28

9

1  the impairment; and (3) the permanent or long-term impact of the impairment. See Fraser v.

2  Goodale, 342 F.3d 1032, 1038 (9th Cir. 2003) (citing 29 C.F.R. § 1630.2(j)(2)).  Plaintiff has the

3  burden to plead he is disabled. See Bates v. United Parcel Serv., Inc., 511 F.3d 974, 988 (9th Cir.

4  2007).  However, Plaintiff's complaint contains nothing more than "bald assertions" in order to

5  demonstrate his impairment substantially limits one or more major life activity. FTC v.

6  Stefanchik, 559 F.3d 924, 929 (9th Cir. 2009).

7          Second, Plaintiff has alleged no facts whatsoever to show he was excluded from

8  participating in any service, program, or activity based upon his disability, nor has he alleged

9  facts showing any discriminatory intent due to or "by reason of" his alleged impairments.

10  See Vos v. City of Newport Beach, 892 F.3d at 1036; Gleason v. Lynch, No. 2:20-CV-1971-EFB

11  P, 2021 WL 634738, at *2 (E.D. Cal. Feb. 18, 2021) (denying reconsideration of 28 U.S.C. §

12  1915A dismissal of ADA claims by prisoner who alleged to be disabled, but included "no

13  allegations that he was excluded from participating in any program or discriminated against

14  because of his disabilities"); Hawkins, et al., v. San Diego Cnty., No. 3:20-CV-2200-WQH-KSC,

15  2021 WL 615052, at *7 (S.D. Cal. Feb. 16, 2021) (finding pretrial detainees' "vague and

16  conclusory allegations" that Defendants "failed and refused to establish and maintain

17  [disabled inmates] access" to various services insufficient to state a plausible claim for relief

18  under the ADA).  Accordingly, Plaintiff fails to state a cognizable claim under the ADA.

19          **D.      Access to the Courts**

20          Prisoners have a "fundamental constitutional right of access to the courts." Bounds v.

21  Smith, 430 U.S. 817, 828 (1977). The right of access is grounded in the First and Fourteenth

22  Amendments. Silva v. Di Vittorio, 658 F.3d 1090, 1101–02 ("Under the First Amendment, a

23  prisoner has both a right to meaningful access to the courts and a broader right to petition the

24  government for a redress of his grievances."); Cornett v. Donovan, 51 F.3d 894, 897 (9th Cir.

25  1995) ("The right of access is grounded in the Due Process and Equal Protection Clauses.").

26          Claims for denial of access to the courts may arise from the frustration or hindrance of "a

27  litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a

28

10

1  meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536

2  U.S. 403, 412-15 (2002).  In order to allege a violation of the right to access the courts, an inmate

3  must demonstrate that he suffered an actual injury by pleading facts showing "actual prejudice

4  with respect to contemplated or existing [non-frivolous] litigation, such as the inability to meet a

5  filing deadline or to present a claim." Lewis v. Casey, 518 U.S. 343, 348 (1996). The injury

6  requirement is not "satisfied by just any type of frustrated legal claim." Id. at 354–55.  It is only

7  satisfied if an inmate is denied access with regard to direct criminal appeals, habeas corpus

8  petitions, and civil actions brought pursuant to 42 U.S.C. § 1983. Id. "Failure to show that a

9  'nonfrivolous legal claim ha[s] been frustrated' is fatal" to a denial of access to the courts claim.

10 Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008).

11        Here, Plaintiff contends that he does not have sufficient access to the library and to

12 photocopying services.  However, Plaintiff has failed to allege any facts showing that he suffered

13 any actual prejudice with respect to any contemplated or existing non-frivolous action.  Indeed,

14 the filing of the third amended complaint belies his claim that he did not have access to

15 photocopy services and/or paper.  Plaintiff does not allege that he was "shut out of court" as a

16 result of the alleged deprivations.  Accordingly, Plaintiff has not stated a cognizable claim for a

17 denial of his constitutional right to access the courts.

18        **E.      Further Leave to Amend**

19        The Court will recommend that third amended complaint be dismissed without leave to

20 amend because Plaintiff was previously notified of the deficiencies and has failed to correct

21 them. A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the

22 [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile[.]"

23 See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (internal

24 citations and quotation marks omitted) (upholding dismissal of complaint with prejudice when

25 there were "three iterations of [the] allegations—none of which, according to [the district] court,

26 was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc.,

27 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff

28 failed to correct deficiencies in the complaint, where court had afforded plaintiff opportunities to

11

do so, and had discussed with plaintiff the substantive problems with his claims), amended by

234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th

Cir. 2007); Plumeau v. Sch. Dist. 40 Cnty. Of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial

of leave to amend appropriate where further amendment would be futile).

Where a "plaintiff has previously been granted leave to amend and has subsequently

failed to add the requisite particularity to his claims, the district court's discretion to deny leave

to amend is particularly broad." Zucco, 552 F.3d at 1007 (quotations and citations omitted).  In

light of Plaintiff's failure to provide additional information about his claims despite specific

instructions from the court, the Court finds that further leave to amend would be futile and the

third amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707

F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment

would be futile."). The repetitious filing of conclusory pleadings does not warrant granting

Plaintiff additional leave to amend.  Accordingly, the Court will recommend that the third

amended complaint be dismissed without leave to amend.

## IV.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be

dismissed for failure to state a cognizable claim for relief without further leave to amend.

This Findings and Recommendation will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

days after being served with this Findings and Recommendation, Plaintiff may file written

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

///

///

///

///

1 | specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834,

2 | 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

3 |

4 | IT IS SO ORDERED.

5 | Dated:   **August 18, 2022**

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28