UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>  Plaintiff,<br><br>  v.<br><br>SHUBHANGINI DEVINE,<br><br>  Defendant. | Case No.: 1:22-cv-0061 JLT SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THE ACTION<br><br>(Doc. 26) |

Raghvendra Singh is proceeding *pro se* and *in forma pauperis* and seeks to hold the defendant liable for violations of his civil rights and the Americans with Disabilities Act. (Doc. 23.) The assigned magistrate judge found Plaintiff failed to state a cognizable claim upon which relief may be granted. (Doc. 26 at 3-11.) Because Plaintiff was previously informed of the applicable standards and the pleading deficiencies were not cured by amendments, the magistrate judge determined that further amendment would be futile. (*Id* at 11.) Therefore, the magistrate judge recommended Plaintiff's Third Amended Complaint be dismissed without leave to amend. (*Id.* at 12.)

On September 1, 2022, Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 27.) Plaintiff asserted that he is "a very sick man for years, and prison authorities [are] intentionally denying medical care for him." (*Id.* at 1.) Plaintiff does not allege any additional facts to explain his situation or to address specific findings of the magistrate judge. (*Id.*) He again requests that the Court appoint an attorney because the assistance he has received in the prison to prepare

documents "is not good enough." (*Id.*)  In addition, he requests that if the Court dismiss the action, the dismissal be without prejudice. (*Id.*)

Importantly, as Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). The Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1) in certain exceptional circumstances. *Rand*, 113 F.3d at 1525.  To determine whether "exceptional circumstances exist, the district Court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks, citations omitted). In the present case, the Court does not find the required exceptional circumstances. The identified issues are not complex.  In addition, Plaintiff—and those assisting with his document preparation—have articulated his claims in a manner that is clear to the Court.  The facts alleged are simply insufficient to state a cognizable claim.  Thus, Plaintiff's request for counsel, as raised in his objections, is denied.

According to 28 U.S.C. § 636 (b)(1)(C), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes that the magistrate judge's Findings and Recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 19, 2022 (Doc. 26) are **ADOPTED** in full.
2. Plaintiff's Third amended complaint (Doc. 23) is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 7, 2022**

UNITED STATES DISTRICT JUDGE